ROBB v. LIQUOR CONTROL COMMISSION.

1. APPEAL AND ERROR—REMAND TO SUPPLEMENT RECORD—INJUNCTION TO RESTRAIN DISMISSAL FROM STATE SERVICE.

In suit by branch manager of liquor control commission to restrain the commission from discharging him, motion to remand cause to trial court for purpose of submitting proof of records to show that plaintiff was exempt from civil service status in order to give the trial court all facts so as to make a proper determination of the issues involved is granted pursuant to court rule as to amendment of record although admissibility of the proposed evidence is not passed upon and such action is taken notwithstanding delay of nearly 3½ years from date of decree before motion was filed is not explained (Court Rule No. 72, § 1 [d] [1945]).

2. COSTS—REMAND TO SUPPLEMENT RECORD—PRINTING RECORD AND BRIEF.

On remand of case for purpose of supplementing record, upon defendant's motion therefor, plaintiff is awarded costs of printing his brief and record herein.

* See 2 Comp. Laws 1929, § 6888, as amended by Act No. 250, Pub. Acts 1943 (Comp. Laws Supp. 1943, § 6888, Stat. Ann. 1944 Cum. Supp. § 14.811).—REPORTER.

Appeal from Wayne; Merriam (DeWitt H.), J. Submitted April 10, 1945. (Docket No. 15, Calendar No. 41,993.) Decided June 4, 1945.

Bill by Charles G. Robb against the Liquor Control Commission and others for an injunction restraining the defendants from removing him from position as Detroit Branch Manager. Bill dismissed. Plaintiff appeals. Motion by defendant to remand for further proofs. Motion granted and cause remanded.

*Milman Andrews,* for plaintiff.

*John R. Dethmers,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Daniel J. O'Hara,* Assistant Attorney General, for defendants.

SHARPE, J. This is a suit in chancery to restrain the Michigan liquor control commission from discharging plaintiff from a position alleged to be in the classified employment service of the State under civil service.

The facts have been stipulated and are as follows. Plaintiff was appointed Detroit branch manager for the Michigan liquor control commission March 14, 1939, at a salary of $3,900 per annum. While he occupied this position, the civil service amendment to the Michigan Constitution (Const. 1908, art. 6, § 22) became effective on January 1, 1941. On January 3, 1941, the Michigan civil service commission adopted certain rules and regulations relating to the status of State employees in classified and unclassified service. On February 3, 1941, the secretary of the liquor control commission informed plaintiff by telephone that plaintiff was discharged. On the same date, the director of per-

sonnel of the liquor control commission wrote the acting personnel director of the civil service commission that John J. Kozaren had been appointed manager of the Detroit branch office of the Michigan liquor control commission, ''and is to be one of the two positions in the unclassified service allotted to this department under the new civil service amendment.'' February 5, 1941, James Dotsch, a member of the liquor control commission, notified plaintiff by telegram that his services were terminated as of that date. On February 7, 1941, the liquor control commission declared the positions of secretary of the commission and manager of the Detroit division to be the two positions exempt from State civil service.

On the same day plaintiff filed his bill of complaint in the circuit court of Wayne county praying that he be continued in the position he then held. A temporary restraining order was issued. By stipulation John Kozaren was permitted to intervene as a party defendant, adopting the answer of the other defendants to the bill of complaint filed by plaintiff. On July 7, 1941, the trial court filed its opinion and held that ''under the civil service statutes and amendments thereto, the liquor control commission has the right and power to select two exempt positions and that this has properly and legally been done;'' and that the civil service commission has approved of the selection by the liquor control commission. A decree was entered accordingly, from which plaintiff appeals.

Plaintiff urges that the Michigan liquor control commission under the civil service amendment does not have power to determine two exempt positions; that the civil service commission has not concurred in the selection of the two exempt positions; that the position of manager of the Detroit branch office

is not such a position as can properly be exempt under the civil service amendment; and that plaintiff has not been discharged by the liquor control commission.

On January 4, 1945, the attorney general filed a motion with the clerk of the Supreme Court to remand the cause to the trial court for the purpose of submitting proof of facts material to the issue involved, but which do not appear of record. The attorney general offers to produce records to show that plaintiff came into the service of the State in 1939 when the civil service act of 1937 (Act No. 346, Pub. Acts 1937, as amended [Comp. Laws Supp. 1940, § 402–1 *et seq.*]) was in effect; that at that time plaintiff was exempt from civil service; that plaintiff continued to occupy such exempt position at the time the civil service amendment (Const. 1908, art. 6, § 22) took effect; that the civil service commission never recognized plaintiff as an employee having civil service status; and that until June 1, 1941, the civil service commission adopted no rule which would prohibit an appointing authority from selecting or designating the two exempt positions to which it was entitled under the Constitution.

Plaintiff opposed supplementing the record as the cause was submitted to the trial court on a stipulation of facts and as the proposed facts are not material to the issues involved.

Under Court Rule No. 72, § 1 (d) (1945), the Supreme Court may "Permit the transcript or record to be amended by correcting errors or adding matters which should have been included."

We note that the trial court entered a decree in this cause July 21, 1941; that the record was filed in this court May 13, 1944; that plaintiff filed his brief in this cause May 17, 1944; and that the motion to supplement the record was filed January 4, 1945.

We have not been apprised of any reasons for the delay on the part of the attorney general in filing his motion to supplement the record. However, we have carefully considered the motion and the brief filed in opposition thereto and conclude that the motion to supplement the record has merit. The trial court should have had all facts before him in order to make a proper determination of the issues involved.

We do not pass upon the admissibility of the proposed evidence, but in order that the trial court may consider the entire subject matter, the cause is remanded to the trial court for the purpose of supplementing the record and entering a decree in accordance with the amended record. Plaintiff may recover costs of printing his brief and the record in this cause.

STARR, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, BOYLES, and REID, JJ., concurred.